IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JACOB WARD,<br>    Plaintiff,<br><br>v.<br><br>MING DYNASTY, LLC d/b/a<br>MING'S ASIAN CUISINE and<br>MING D. ZHAO, individually and<br>LEI "ROCK" ZHAO, individually,<br>    Defendants. | )<br>)<br>)<br>)    Case No.: _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Jacob Ward, for his Complaint against Defendants, Ming Dynasty, LLC d/b/a Ming's Asian Cuisine ("Ming's"), Ming D. Zhao ("M. Zhao") and Lei "Rock" Zhao ("L. Zhao")(collectively as "Defendants"), alleges as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Ming's, M. Zhao and L. Zhao under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid straight time wages and unpaid minimum wages for Plaintiff, who was employed by Defendants.

### II.    JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff is a resident of this district, and Ming's regularly conducts business in and has engaged and continues to engage in wrongful conduct alleged herein in this district.

### III. PARTIES

4. Defendant, Ming Dynasty, LLC is a Tennessee Limited Liability Company with its principal executive office located at 1045 Hamilton Place Drive, Johnson City, Washington County, Tennessee 37604. According to the Tennessee Secretary of State, Ming's may be served through its registered agent for service of process, Ming D. Zhao, 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

5. Defendant, Ming D. Zhao, upon information and belief, is a resident of Washington County, residing at 3325 Berkshire Circle, Johnson City, Washington County, Tennessee 37604. Ming D. Zhao may be served at 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

6. Defendant, Lei Zhao, upon information and belief, is a resident of Washington County, and may be served at 1045 Hamilton Place Drive, Johnson City, Tennessee 37604.

7. Each Defendant is an "Employer" of the Plaintiff, as defined by Section 203(d) of the FLSA, and M. Zhao and L. Zhao had supervisory authority over and made personnel, compensation and other business decisions that affected Plaintiff's terms and conditions of employment.

8. Plaintiff, Jacob Ward, was employed by Ming's as a tipped employee (server) in Ming's Jonson City, Tennessee restaurant during the relevant period herein.

### IV. ALLEGATIONS

9. Ming's owns and operates Ming's Asian Cuisine restaurant located in Johnson City, Washington County, Tennessee.

10. The primary function of Ming's Asian Cuisine restaurant is to sell food and beverage items to customers. Ming's is engaged in interstate commerce, sufficiently to be bound

by the FLSA. Further, Plaintiff's activities as a server included receiving payment and transacting payment from Ming's customer, which includes engaging in interstate commerce.

11. Defendants were the "Employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d).

12. Defendants employed Plaintiff and was responsible for setting pay and work schedules during the relevant period of time in question.

13. Defendants had a plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per week (budgeted labor) by providing incentives to restaurant managers to encourage, entice, permit and/or require Plaintiff to perform work "off the clock," as well as failing to pay Plaintiff minimum wage throughout the relevant period herein.

14. At all times material to this action, Plaintiff was an "employee" of the Defendants as defined by Section 203(e)(1) of the FLSA and, worked for the Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

15. At all times material to this action, Ming's has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

16. At all times material to this action, Ming's has been subject to the pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in interstate commerce.

17. At all relevant times material to this action, Ming's restaurant employed tipped employees whose primary duties are to take food and beverage orders, serve such items to customers and to transact payment from customers.

Page 3 of 7

Case 2:18-cv-00089-MCLC   Document 1   Filed 06/06/18   Page 3 of 7   PageID #: 3

18. At all times material to this action, Ming's failed to tract or keep Plaintiff's hours worked.

19. At all times material to this action, and pursuant to Ming's uniform policies and practices, Plaintiff has been required to work in tip producing jobs for which Ming's did not allow Plaintiff to pool or keep said tipped monies, and Plaintiffs were paid only sub-minimum hourly wages as tipped employees.

20. At all times material to this action, Ming's did not pay to Plaintiff any hourly rate, not even $2.13 per hour.

21. As a result, Plaintiff is entitled to at least the applicable minimum wage for all hours worked, and Defendants are not entitled to any tip credit under the FLSA.

22. The net affect of Ming's policy and practice of requiring Plaintiff, who was a tipped employee, to work and not receive all of their tip monies, not participate in a tip pool, and not receive a minimum wage rate, is that Defendants willfully failed to pay Plaintiffs for all straight time work and minimum wages in order to save payroll costs and payroll taxes. Ming's and Defendants therefore enjoyed ill-gained profits at the expense of Plaintiff.

23. Defendant L. Zhao, in the presence of other employees, threatened Plaintiff with termination of his employment if Plaintiff filed a lawsuit against Defendants for FLSA violations.

24. U.S. Department of Labor Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)".

25. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under

section (3) of the FLSA." 29 C.F.R. § 531.52. At all times material to this action, and pursuant to Ming's policies and practices, Plaintiff was required to turnover all or a portion of his tip money to Defendants whereby Defendant would then place all or a portion of Plaintiff's tip money into Ming's cash register to operate Ming's restaurant, thus Plaintiff was not paid his required minimum wage rate of $7.25 per hour.

26. As a result, Plaintiff is entitled to at least the applicable minimum wage for such time in which he did not receive minimum wage for all hours worked, as a result of being required to turnover their tip money to Defendants and because Plaintiff was never paid any minimum wage.

27. Plaintiff avers that when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

28. Plaintiff was employed with Defendants during the period of June 20, 2016 through January 3, 2017 as a tipped employee, but did not receive minimum wage for hours worked. From June 20, 2016 through January 3, 2017 Plaintiff regularly worked in excess of 35 hours per week.

## COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE, UNPAID STRAIGHT WAGES

29. Plaintiff repeats and re-alleges Paragraphs 1 through 28 above, as if they were fully set forth herein.

30. At all times relevant, Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff for all hours worked.

31. At all times relevant, Defendants had actual and/or constructive knowledge of willfully refusing to pay Plaintiff for all hours worked.

32. As a results of Defendants willful failure to compensate Plaintiff the applicable federal minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA.

33. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. As a result of Defendants willful failure to compensate Plaintiff for at least the applicable minimum wage rate, Defendants have violated and continue to violate the FLSA.

35. Plaintiff is therefore entitled to compensation for unpaid minimum wages at an hourly rate required by the FLSA and an additional amount as liquidated damages, together with interest, costs and reasonable attorneys' fee for the three-year statutory period under the FLSA.

36. Due to Defendants willful FLSA violations, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, and an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, pursuant to Section 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of the respective unpaid compensation owed to them under the FLSA, including payment for unpaid minimum wages, plus an equal amount of liquidated damages, and/or prejudgment and post-judgment interest;

B. Reasonable attorneys' fees;

C. Costs and expenses of this action;

D. Such other further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

Dated: _____

Respectfully submitted,

/s/Jeffrey C. Taylor
**Jeffrey C. Taylor** (BPR #013436)
TAYLOR Law Firm
365 West Third North Street
P.O. Box 2004
Morristown, TN 37816-2004
(423) 586-6812
jeff@taylorlawfirmtn.com

Attorney for Plaintiff, Jacob Ward