UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JACOB WARD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:18-CV-89 |
| | ) |
| MING DYNASTY, LLC d/b/a | ) |
| MINGS ASIAN CUISINE, | ) |
| MING D. ZHAO, and | ) |
| LEI ZHAO | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motions for Default Judgment against Defendants [Docs. 13, 14, 16] and Defendants' subsequent Motion to Set Aside Default [Doc. 17]. The District Court entered an Order of Reference to the undersigned for a Report and Recommendation on the above motions [Doc. 18]. Defendants filed a Memorandum in Support of Motion to Set Aside Default [Doc. 19]. Plaintiff filed a response [Doc. 20], and Defendants' filed a reply [Doc. 21]. The matter is now ripe for resolution.

**I.  Relevant Background and Procedural History**

Plaintiff filed a complaint [Doc. 1] on June 6, 2018 against Defendants to recover unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff also issued summons on the same day [Doc. 1, 1-2, 1-3, 1-4], which were returned as executed to all Defendants on July 25, 2018 [Doc. 6]. On August 27, 2018, Plaintiff filed an application for Clerk's default against each Defendant, stating by affidavit that more than twenty-one days had passed since Defendants were served and that they have failed to plead or otherwise defend the suit [Docs. 7, 7-1, 8, 8-1, 9,

1

9-1]. In response to Plaintiff's applications, on September 18, 2018, the Clerk entered a default as to each Defendant [Docs. 10, 11, 12]. *See* Fed.R.Civ.P. 55(a). On September 21, 2018, Plaintiff filed the motions for default judgment under Rule 55(b)(1) [Docs. 13, 14, 16], and on September 24, 2018, Defendants filed their motion to set aside default under Rule 55(c) [Doc. 17]. Defendants additionally filed a memorandum in support of the motion to set aside default [Doc. 19]. Plaintiff responded in opposition to the motion on October 2, 2019 [Doc. 21], and Defendants filed a subsequent reply on October 5, 2018 [Doc. 21].

**II.    Standard**

Rule 55(c) permits the Court to "set aside an entry of default for good cause." In order to establish "good cause," the Court must "assess whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (internal quotations omitted).

The "good cause" standard of Rule 55(c) is less demanding than the standard set out in Rule 60(b) to set aside a final default *judgment*, despite having the same elements. *Dassault*, 663 F.3d at 839. The Sixth Circuit has established a "general preference for judgments on the merits." *Id*. at 841. Granting a judgment by default should only occur "in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. This leaves the Court to resolve any doubt "in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id*. at 846; *see also Dassault*, 663 F.3d at 841 (quoting *Invst. Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.* 815 F.2d 391, 398 (6th Cir. 1987)).

**III.   Analysis**

The Court will now consider the three elements to establish good cause.

### A. Willful Conduct

Defendants argue that they did not intentionally try to thwart judicial proceedings. Instead, the delay in response stemmed from their confusion of Plaintiff filing the complaint after having already accepted a settlement agreement and the language barrier of Defendant Ming Zhao not speaking English at all and Defendant Lei Zhao speaking English as a second language [Doc. 19, pg. 3]. They argue that this language barrier made it more complicated in finding counsel to defend this suit [Doc. 19, pg. 3].

In his response, Plaintiff contends that Defendants willfully failed to respond to the complaint served upon them. He points to Defendants' previous involvement in another FLSA wage and hour suit and their consultation on the present case with counsel that had been retained for the previous suit as a willful failure to respond in a timely manner [Doc. 20, pg. 4]. Plaintiff also notes that Defendants' former counsel Douglas Waterman stated in an email to Plaintiff's counsel that Defendants "will resent settling" the previous wage and hour suits upon receiving the complaint in the present case [Doc. 20-3].

However, Defendants respond that Mr. Waterman was not retained by Defendants for the present case, as he is not admitted to practice in this court [Doc. 21, pg. 1]. Mr. Waterman notes in the same email referenced in Plaintiff's response that he "may not be representing [Defendants] on further actions from [Plaintiff's counsel's] office" [Doc. 20-3]. As evidenced by the emails provided by Plaintiff [Docs. 20-2, 20-3] and the proofs of service returned in this case [Docs. 6, 6-1, 6-2], Mr. Waterman did not accept service for the present suit on behalf of Defendants as requested by Plaintiff's counsel dated June 20, 2018. Therefore, despite having previously worked with counsel on similar lawsuits, Defendants were forced to find counsel that was admitted to practice in this Court. The phone call by Attorney Pat Hull to Plaintiff's counsel on September 14,

3

2018 regarding the present complaint and Mr. Hull's potential representation of Defendants is proof of Defendants actively seeking representation [Doc. 20, pg. 3].

The Sixth Circuit has established that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "Negligent conduct…does not establish that Defendant engaged in the necessary willful conduct." *Forrest v. Honor Finance, LLC*, 2018 WL 3954152, *2 (S.D. Ohio, 2018); *see e.g.*, *Shepard Claims Serv.*, 796 F.2d at 194-95. Additionally, "where the defaulting party and counsel have not shown disrespect for the court, or have given evidence of respect for the court's process by their haste in acting to set aside the default, the courts have been inclined towards leniency." *Shepard Claims Serv.*, 796 F.2d at 194 (quoting 6 Moore's Federal Practice – Civil § 55.01[2] at 55-61, 62 (1985)).

Based on the above-stated evidence, the Court finds that Defendants did not willfully intend to thwart judicial proceedings or show reckless disregard or disrespect for the Court. Evidence provided by both Plaintiff and Defendants show that Defendants were actively seeking representation in this case. Defendants also responded with the motion to set aside default just three days after Plaintiff moved for default judgement. This quick response weighs against a finding that Defendants were "intentionally disrespectful of the court proceedings." *See Dassault*, 663 F.3d at 841. There is also no evidence of a "pattern of disregard for court orders or rules." *Shepard Claims Serv.*, 796 F.2d at 194. Therefore, these facts would suggest that the default was not willful.

B. **Prejudice**

4

Defendants posit that setting aside the default would not prejudice Plaintiff as discovery has not yet begun, and there is no evidence of collusion or fraud on the part of the Defendants [Doc. 19, pg. 4]. Plaintiff's only argument as to prejudice is that his "claim has been delayed by several months" [Doc. 20, pg. 4]. However, prejudice to the non-moving party cannot be shown by delay alone. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987); *see also Dassault*, 663 F.3d at 842. "It must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVEST Fin. Grp.*, 815 F.2d at 398 (internal quotations omitted). The opposing party must also show *future* prejudice that would occur from the relief from default; showing past prejudice will not suffice. *Dassault*, 663 F.3d at 842 (citing *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)). Therefore, Plaintiff has not shown prejudice if the default would be set aside.

### C. Meritorious Defense

Finally, Defendants not only deny many of the factual allegations in Plaintiff's complaint but also raise specific defenses of accord and satisfaction, statute of limitations, and inappropriate liquidated damages. Defendants argue that these defenses, as well as other unstated defenses, demonstrate a meritorious defense. Plaintiff argues that the proposed accord and satisfaction defense is meritless as the settlement agreement [Doc. 19-1] was not court or U.S. Department of Labor approved as required. He also does not address the other proposed defenses.

However, the Sixth Circuit has held that the defense only has to be "'good at law,' regardless of whether the defense is actually likely to succeed on the merits." *$22,050*, 595 F.3d at 326 (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). "[T]he criterion is merely whether 'there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Dassault*, 663 F.3d at 843 (citing *U.S. v. $22,050.00 U.S.*

5

*Currency*, 595 F.3d 318, 326 (6th Cir. 2010)). Only a "hint of a suggestion" is needed to succeed under this part of the test. *Id*. Therefore, the Court finds that Defendants have at least a "hint of a suggestion" as to a meritorious defense to the complaint as presented in their motion.

## IV. Conclusion

For all the above reasons and the Sixth Circuit's preference to resolve the case on the merits, the undersigned RECOMMENDS that the Court take the following actions:

(1) DENY Plaintiff's motions for default judgment [Docs. 13, 14, 16];
(2) GRANT Defendants' motion to set aside default [Doc. 17];
(3) DIRECT the Clerk to vacate the entry of default against Defendants [Docs. 10, 11, 12]; and
(4) ORDER Defendants to file a responsive pleading within ten (10) days of the filing of the order. [1]

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).