UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| *JACOB WARD*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-CV-89 |
| ) | |
| *MING DYNASTY, LLC d/b/a* ) | |
| *MING'S ASIAN CUISINE, and* ) | |
| *MING D. ZHAO, individually, and* ) | |
| *LEI "ROCK" ZHAO, individually,* ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS MING DYNASTY, LLC, MING D. ZHAO, AND LEI ZHAO TO COMPLAINT

Comes now the Defendants, Ming Dynasty, LLC d/b/a Ming's Asian Cuisine (the "LLC"), Ming D. Zhao ("Ming"), and Lei Zhao ("Lei") (the LLC, Ming, and Lei are hereinafter referred to collectively as the "Defendants"), by counsel, and for their Answer to the Plaintiff's Complaint state as follows:

1. Paragraph 1 of the Complaint alleges no factual allegations to which a response is required. To the extent that paragraph 1 of the Complaint makes factual allegations, the Defendants deny said allegations and demand strict proof thereof.

2. Paragraph 2 of the Complaint alleges no factual allegations to which a response is required. To the extent that paragraph 2 of the Complaint makes factual allegations, the Defendants deny said allegations and demand strict proof thereof.

3. The Defendants admit the allegations contained in paragraph 3 of the Complaint to the extent that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and that the LLC regularly conducts business in this district. The Defendants are

without sufficient information to admit or deny that Plaintiff is a resident of this district; therefore, the Defendants deny said allegation and call for strict proof thereof. The Defendants deny all other allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint to the extent that Ming had supervisory authority over and made personnel compensation and other business decisions that affected Plaintiff's terms and conditions of employment. The Defendants also admit that Lei had supervisory authority over the Plaintiff and made other business decisions that affected the Plaintiff's terms and conditions of employment. The remainder of paragraph 7 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that the remainder of paragraph 7 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint to the extent that Jacob Ward was employed by the LLC as a tipped employee in the LLC's Johnson City, Tennessee restaurant from June 26, 2016 to January 14, 2018. The Defendants deny all other allegations contained in paragraph 8 of the Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Complaint to the extent that the primary function of Ming's Asian Cuisine restaurant is to sell food and beverage items to customers, and that the Plaintiff's activities as a server included receiving payment and transacting payment from Ming's customers. The remainder of paragraph 10 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that the remainder of paragraph 10 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

11. Paragraph 11 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that paragraph 11 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

12. The Defendants admit the allegations contained in paragraph 12 of the Complaint to the extent that the LLC employed the Plaintiff and that Ming was responsible for setting pay during the relevant times in question. The Defendants further admit that Lei was responsible for setting work schedules during the relevant times in question. The Defendants deny all other allegations contained in paragraph 12 of the Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the allegations contained in paragraph 14 of the Complaint to the extent that at all times material to this action the Plaintiff worked for the LLC within the territory of the United States within three (3) years preceding the filing of this lawsuit. The remainder of paragraph 14 of the Complaint consists only of

legal conclusions to which a response by the Defendants is not required. To the extent that the remainder of paragraph 14 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

15. The Defendants admit the allegations contained in paragraph 15 of the Complaint to the extent that the LLC's annual revenues in 2016, 2017 and 2018 exceeded $500,000.00. The remainder of paragraph 15 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that the remainder of paragraph 15 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

16. Paragraph 16 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that paragraph 16 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

17. The Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants admit the allegations contained in paragraph 21 of the Complaint to the extent that the Plaintiff is entitled to at least the applicable minimum wage for all hours worked. The Defendants deny all other allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. The Defendants admit the allegations contained in paragraph 24 of the Complaint to the extent that the U.S. Department of Labor – Wage and Hour Division Fact Sheet #15 states in part that "… the maximum tip credit that an employer can currently claim under the FLSA section 3(m) is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)..." The Defendants deny all other allegations contained in paragraph 24 of the Complaint.

25. The Defendants admit the allegations contained in paragraph 25 to the extent that 29 C.F.R. § 531.52 states in part that "… Tips are the property of the employee whether or not the employer had taken a tip credit under section 3(m) of the FLSA…" The Defendants deny all other allegations contained in paragraph 25 of the Complaint.

26. The Defendants admit the allegations contained in paragraph 26 of the Complaint to the extent that the Plaintiff is entitled to at least he applicable minimum wage for all hours worked. The Defendants deny all other allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that paragraph 27 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

28. The Defendants admit the allegations contained in paragraph 28 of the Complaint to the extent that Plaintiff was employed by the LLC during the period of June 20, 2016 through January 3, 2017 as a tipped employee, and that during that time the

Plaintiff occasionally worked in excess of 35 hours per week. The Defendants deny all other allegations contained in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, the Defendants repeat and re-allege their responses to paragraphs 1 through 28 above, as if they were fully set forth herein.

30. The Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. The Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that paragraph 35 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

36. Paragraph 36 of the Complaint consists only of legal conclusions to which a response by the Defendants is not required. To the extent that paragraph 36 of the Complaint contains factual allegations, the Defendants deny said allegations and demand strict proof thereof.

37. The Defendants deny all allegations contained in the Complaint that are not explicitly admitted herein.

38. The Defendants deny that the Plaintiff is entitled to any relief sought in the Complaint.

6

Case 2:18-cv-00089-MCLC   Document 25   Filed 12/06/18   Page 6 of 8   PageID #: 93

39. The Defendants assert the defense of accord and satisfaction as a result of the Plaintiff's request and acceptance of $2,000.00 paid by the LLC on May 2, 2017.

40. In the alternative, the Defendants assert that the $2,000.00 the LLC paid to the Plaintiff on May 2, 2017 should be applied as a set-off to any amounts awarded herein from the Defendants to the Plaintiff.

41. The Defendants assert that they acted in good faith and had reasonable grounds for believing that their actions were not a violation of the FLSA; therefore, the Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. § 260.

42. The Defendants reserve the right to amend their Answer to the Complaint to assert any additional defenses as might be determined through the discovery process.

WHEREFORE, the Defendants deny the Plaintiff is entitled to any recovery. Furthermore, having fully answered the Plaintiff's Complaint, the Defendants respectfully request that judgment be entered against Plaintiff and for the Defendants, that the Defendants be granted such further relief as this Court deems appropriate.

**MING DYNASTY LLC d/b/a**
**MING'S ASIAN CUISINE, and**
**MING D. ZHAO, and**
**LEI ZHAO**

By: *s/ Eric W. Reecher*
Eric W. Reecher (TN BPR No. 019556)
**ELLIOTT LAWSON & MINOR, P.C.**
110 Piedmont Ave., Suite 300
Bristol, VA 24201
(276) 466-8400
ereecher@elliottlawson.com
*Attorney for the Defendants*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2018, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties my access this filing through the Court's electronic filing system

                                            *s/ Eric W. Reecher*
                                      Eric W. Reecher, BOPR # 019556
                                      ELLIOTT LAWSON & MINOR, P.C.
                                      110 Piedmont Ave., Suite 300
                                      Bristol, VA 24201
                                      276-466-8400
                                      ereecher@elliottlawson.com